UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES PERRY and DOMINQUE YARBRO,

                  Plaintiffs,                        Case Number 07-14036
                                                    Honorable David M. Lawson

v.

CITY OF PONTIAC, a municipal corporation,
VAL GROSS, Chief of Police Pontiac Police
Department, POLICE OFFICER WILLIAM
OLSEN and POLICE OFFICER DARRYL COSBY,

                  Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO
COMPEL DISCOVERY REGARDING PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS TO PRODUCE FROM DEFENDANT CITY OF
PONTIAC AND DEFENDANT VAL GROSS AND FOR DEFAULT AGAINST
DEFENDANTS OR FOR OTHER SANCTIONS PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 37(b)(2)(A)-(D)**

       The matter is before the Court on the plaintiffs' motion to compel discovery regarding
plaintiffs' first set of interrogatories and requests to produce from defendant City of Pontiac and
defendant Val Gross and for default against defendants or for other sanctions pursuant to Federal
Rule of Civil Procedure 37(b)(2)(A)-(D).

       On March 8, 2008, the plaintiffs served on defendants City of Pontiac and Val Gross twenty-
two interrogatories and thirty requests for production of documents. The defendants responded on
April 7, 2008. The plaintiffs contend that the defendants' responses to Interrogatory Eleven,
Eighteen, Nineteen, and Twenty-one were incomplete, non-responsive, and evasive. The plaintiffs
argue that the defendants' responses to Request to Produce Five, Six, Eight, Nine, Eleven, Twelve,
Thirteen, Fourteen, Twenty-one, Twenty-three, Twenty-four, Twenty-five, and Twenty-seven were
similarly incomplete, non-responsive, and evasive. The plaintiffs seek an order compelling the

defendants to answer all of the interrogatories and provide the requested documents or, in the alternative, enter a default against the defendants and award attorney's fees in the amount of $1,500. The defendants argue that the interrogatories and requests to produce go well beyond the legal theories identified by the plaintiffs in their complaint and answers to interrogatories. Regardless, the defendants assert that they have provided full and complete responses to the interrogatories and requests for production that are remotely relevant to the present litigation.

The plaintiffs' request for sanctions under Federal Rule of Civil 37(b) is inappropriate. Sanctions under Rule 37(b) are available only when a party fails to comply with a court order to provide or permit discovery. Fed. R. Civ. P. 37(b). The Court has not ordered the defendants to answer or clarify any of their answers to the plaintiffs' interrogatories, nor has it ordered the defendants to produce documents. Therefore, the Court will only consider whether it is appropriate to compel discovery.

A.

Interrogatory Eleven asks:

If any of the Defendants Officers has ever been a Defendant in any suit, which charged him in his official capacity as a Pontiac Police Officer (or as a police officer with any department), with abuse of his lawful authority, please state the name and address of each Plaintiff, the name and address of each Defendant besides yourself, the nature of the cause of action, the date(s) on which each suit(s) was initiated, the venue of each suit, the names and addresses of the attorneys for each party, the court(s) in which each suit was instituted, and the disposition of each suit.

Pls.' Mot. to Compel Discovery, Ex. A, Answers to Pls.' First Set of Interrogatories and Requests to Produce at 6-7. The defendants' objected to the interrogatory because "prior unfounded litigation against these officers will not demonstrate that the officer acted in conformity therewith as a departmental policy, practice, or procedure which violates the Constitution." *Id.* at 7. The

defendants also contended that the litigation history of the defendant officers is neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Regardless, the defendants answered to the extent allowed by the records they maintain. Their response stated: "Pontiac Police records do not reveal prior litigation filed against Defendant Olsen or Cosby. They reflect one current lawsuit, *Bobo vs. Cosby*, filed in the United States District Court. Information regarding other litigation involving these parties should be obtained through deposition." *Ibid.* The defendants now argue that, although they acknowledge that prior litigation involving allegations of improper use of taser or excessive force could be applicable to the plaintiffs' claims, an allegation in civil litigation does not demonstrate the existence of a violation of policy, nor a failure to train, and that the existence of prior litigation is wholly unrelated to the bases for the plaintiffs' municipal and supervisory liability claims. The defendants also note that they answered the interrogatory to the extent allowed by the records they maintain and that the plaintiffs were permitted to question both defendant Gross and defendant Cosby about prior civil litigation during their depositions.

The City of Pontiac has answered the interrogatory to the best its records allow. Defendant Gross, however, has failed to provide sufficient justification for his failure to answer based on his personal knowledge. There is no justification for defendant Gross deferring his answers to the time of his depositions. The plaintiffs are entitled to have their questions answered when they pose them in a written format. The plaintiffs' motion to compel answers to Interrogatory Eleven will be denied with respect to the City of Pontiac, but granted with granted with respect to defendant Gross.

B.

Interrogatory Eighteen stated: "Describe any and all databases use (sic) by the Pontiac Police Department to compile any and all information and/or data related to use of force, allegations of false arrest or false imprisonment." *Id.* at 9.  Although the defendants objected because the interrogatory was vague, ambiguous, and ill-defined, and was neither relevant nor calculated to lead to the discovery of relevant evidence, answered that "[t]he Defendants maintain an internal affairs database of recent vintage." *Id.* at 10.  The defendants maintain that they fully and completely responded to the interrogatory by identifying the Internal Affairs database that tracks complaints arising out of the use of force, false arrest, or false imprisonment.

Presumably, the plaintiffs sought information concerning the type of information input in the databases concerning each use of force and allegation of false arrest or false imprisonment. However, the plaintiffs' interrogatory was poorly-worded and merely asked the defendants to describe the database, which the defendants technically did.  The defendants' answer relied on this technicality to avoid providing the plaintiffs with information they knew would be relevant to the current litigation.  The Court will deny the plaintiffs' motion to compel with respect to Interrogatory Eighteen, but it will allow the plaintiffs' the opportunity to resubmit their interrogatory after revising it.

C.

Interrogatory Nineteen stated:

Please state whether or not any of the Defendant Officers have been involved in any complaints of alleged excessive force, false arrest, false imprisonment or civil rights violations in his/her capacity as a Pontiac Police Officer, lodged by another officer. If yes state the following: (a) Name of the officer[,] (b) Date of the complaint[,] (c) Whether an internal investigation was initiated as a result of the complaint.

-4-

*Ibid.* Notwithstanding the boiler plate objections, the defendants responded that they were not aware of any police allegations of excessive force involving the defendant officers that occurred before October 12, 2006, the date of the incident giving rise to this litigation. The defendants' response to the plaintiffs' motion to compel indicated that the defendants will amend their answer to Interrogatory Nineteen to include Officer John Woods' November 2, 2006 complaint, which led to the initiation of an internal investigation. The defendants' answer appears to be complete, and the plaintiffs have not provided any reason for concluding otherwise. Therefore, the plaintiffs' request to compel an answer to Interrogatory Nineteen will be denied.

<div style="text-align:center">D.</div>

Interrogatory Twenty-one stated: "Regarding the events which transpired during the raid on 66 Henderson Apt. 1 on October 12, 2006, was an internal investigation initiated with respect to Defendant Officer Darryl Cosby." *Id.* at 11. The defendants responded that "[a]n internal investigation was conducted regarding the events of October 12, 2006." *Ibid.* The defendants assert that every officer present was subject to investigation and argue that the plaintiffs' inartful language regarding an internal investigation pertaining to a specific officer arising out of the event provides no basis for further response. The Court agrees and will not order the defendants to respond further.

<div style="text-align:center">E.</div>

The plaintiffs' motion did not take issue with the defendants' response to Request to Produce One, but their brief in support of their motion did. The defendants did not address Request to Produce One in their response to the plaintiffs' motion. Request to Produce One sought the "[p]ersonnel file of each of the Defendant Officers." *Ibid.* The defendants responded:

> The Defendants object to this Request for Production of Documents. The request seeks documentation which is neither relevant nor reasonably calculated to lead to

<div style="text-align:center">-5-</div>

the discovery of relevant or admissible evidence herein. The request seeks documentation which contains personal and private information regarding a Police Officer, which is not otherwise relevant to this lawsuit. The request is overly-broad, overly-burdensome, not reasonably tailored to fit the facts or circumstances of this litigation, and designed solely to harass the Defendants herein.

*Ibid.*

The defendants' objections have some merit. The defendants' personnel files likely contain information that is irrelevant to the plaintiffs' case. However, the defendants' personnel files are sure to contain documentation that is highly relevant to the plaintiffs' municipal liability claims, and the plaintiffs are entitled to that documentation, especially any documentation that details the defendants' training in the proper use of force. The Court will grant the plaintiffs' motion with respect to Request to Produce One. The defendants will be required to produce the defendants' personnel files. The defendants may withhold any document that they believe is privileged provided that they do so in accordance with Federal Rule of Civil Procedure 26(b)(5). Any portion of the personnel file that the defendants wish to withhold based on its relevance must be submitted to the Court for *in camera* review.

F.

Request to Produce Two sought "[c]op[ies] of all complaints lodged by any officer regarding each of the Defendant Officers." *Ibid.* Despite a recitation of boilerplate objections, the defendants answered the request by stating that they were "not in possession of complaints lodged by officers regarding the Defendant Police Officers which were made prior to October 12, 2006. The defendants did not address Request to Produce Two in its response to the plaintiffs' motion. It is clear that the defendants unnecessarily limited their search to complaints filed before October 12, 2006. Complaints filed after October 12, 2006 are relevant because they could assist the plaintiff

in establishing a failure to train. The Court will order the defendants to provide the plaintiffs with copies of *any* complaint lodged by any officer regarding each of the defendant officers, regardless of when it was filed.

## G.

Request to Produce Five asked the defendants to produce "[a]ny and all tape recordings of any statements made by any individual during the internal investigation of Darryl Cosby and William Olsen regarding the raid at 66 Henderson, Pontiac, Michigan on October 12, 2006." Although the defendants objected on the ground that the requested documentation was protected by *Garrity v. New Jersey*, 385 U.S. 493 (1967), the defendants indicated their willingness to produce the audio tape recordings subject to a reasonable protective order. The defendants now argue that the plaintiffs have not provided defense counsel with a reasonable protective order and have not sought a protective order from the defendants.

As an initial matter, the protections of *Garrity v. New Jersey*, do not apply in this case. In *Garrity*, the Supreme Court held that New Jersey was prohibited from using police officers' statements obtained under threat of removal from office in subsequent criminal proceedings. 385 U.S. at 500. First, the current suit is not a criminal one and does not raise the same concerns regarding forced incrimination. Second, the defendants have not alleged that the officers who were taped during the internal investigation were forced to choose between making a statement or losing their jobs. Therefore, *Garrity*'s protection does not apply to the discovery requested in Request to Produce Five.

Federal Rule of Civil Procedure 26(c) governs protective orders and provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where

the action is pending."  As the language of Rule 26(c) suggests, the onus is not on the plaintiffs to provide a reasonable protective order.  Subject to a valid objection, the defendants are obligated to respond to the plaintiffs' interrogatories.  If the defendants believe that a protective order is necessary to protect the tape recordings, it is up to them, as the "party . . . from whom discovery is sought," to move the Court for the entry of a protective order if the parties cannot stipulate to one.

The Court finds that the defendants' proffered reason for failing to supply the tape recordings requested in Request to Produce Five are without merit and will order the defendants to produce the requested materials.

<center>H.</center>

In Request to Produce Six, the plaintiffs requested "[a] copy of the index to the General Operating Procedures for Pontiac Police Officers."  Pls.' Mot. to Compel Discovery, Ex. A, Answers to Pls.' First Set of Interrogatories and Requests to Produce at 13.  The defendants provided the Pontiac Police Department Rules and Regulations regarding the use of force.  The defendants argue that the index is neither relevant nor admissible, and that they have provided the only relevant information in the index, the departmental rules and regulations regarding the use of force, Internal Affairs investigations, and discipline.  The defendants also argue that the plaintiffs are not entitled to peruse the entirety of the Police Department's rules and regulations because of the qualified privilege that applies to documents "that would tend to reveal law enforcement investigative techniques or sources." *Association for Reduction of Violence v. Hall*, 734 F.2d 63, 65-66 (1st Cir. 1984).  The plaintiffs have not presented any evidence to demonstrate an actual need for the

<center>-8-</center>

remaining portions of the index. Therefore, the Court will deny the plaintiffs' motion with respect to Request to Produce Six.

<p style="text-align:center">I.</p>

Request to Produce Eight sought: "Any and all documents, records, notes, correspondence, papers and memoranda concerning James Perry and Dominique Yarbro which are not contained in there [sic] criminal file or are contained in any file regarding any investigation of Plaintiffs' arrest." Pls.' Mot. to Compel Discovery, Ex. A, Answers to Pls.' First Set of Interrogatories and Requests to Produce at 13. The defendants answered that they "are not in possession of Plaintiffs Perry and Yarbro's 'criminal file.' Therefore, they are unable to determine which documents, records, notes, correspondence, papers, or memorandum in its possession are not contained therein. However, Plaintiffs are direct to Defendants' Rule 26(a)(1)(B) Document Disclosures." *Id.* at 14. In response to the plaintiffs' motion to compel, the defendants argue that the request is unintelligible because the documentation in the "criminal file" has not been identified. The Court agrees. Without possession of the "criminal file" or a list of the documents contained therein, it would be impossible for the defendants to comply with this request. Moreover, the defendants cannot produce documents they do not have. The defendants also argue that they have produced all police records relevant to the October 12, 2006 occurrence in their Rule 26(a) Document Disclosures. The Court finds that the defendants' answer to Request to Produce Eight is sufficient.

<p style="text-align:center">J.</p>

Request to Produce Nine requested

All police material which are in your possession and relevant to the incident, including, but not limited to, guidelines, directives, policy statements, procedures, and training materials in any form and of any type, concerning police policy, custom, practice regarding:

<p style="text-align:center">-9-</p>

> (a) discipline of officers.
> (b) specific discipline for the violation of constitutional rights.
> (c) specific discipline for excessive force.
> (d) Any policy or procedure for identifying and tracking officers who
> have been accused of excessive force.

*Ibid.* The defendants' answer directed the plaintiffs to the contents of the City of Pontiac Police Department Rules and Regulations Manual relating to Internal Affairs investigations and discipline and stated that they did not believe any other document identified in the request was relevant to the incident. The defendants now argue that they provided departmental rules and regulations relating to Internal Affairs and discipline and are unaware of any other relevant materials. The defendants appear to have answered Request to Produce Nine as fully as possible. Therefore, the Court will deny the plaintiffs' motion with respect to Request to Produce Nine.

<div align="center">K.</div>

Request to Produce Eleven asked for "[a]ny report generated by any Police Department regarding each of the Defendant officers and use of excessive force." *Id.* at 15. The defendants' responded:

> The Defendants are not in possession of any report generated by an external Police Department regarding any Defendants' use of excessive force. The internal affairs division report regarding the events of October 12, 2006 is subject to the executive and deliberative process privileges. The professional conduct report generated by the Pontiac Police Department is subject to the executive and deliberative process privilege. Records pertaining to prior allegations of excessive force against the Defendant Police Officers are attached.

*Ibid.* The defendants now contend that they have produced the Internal Affairs "Professional Conduct Reports" for each police officer regarding every prior allegation of excessive force and that they have agreed to provide audiotapes of interviews of police officers and lay witnesses to the events of October 12, 2006, subject to the protections of *Garrity v. New Jersey*, 385 U.S. 493 (1967).

<div align="center">-10-</div>

The deliberative process privilege protects "intragovernment documents which reflect advisory opinions, recommendations, and deliberations comprising part of the process by which governmental decisions and policies are formulated" from disclosure in discovery. *Cessante v. City of Pontiac*, No. 07-15250, 2009 WL 973339, at *5 (E.D. Mich. Apr. 9, 2009) (quoting *Dowd v. Calabrese*, 101 F.R.D. 427, 430 (D.D.C. 1984)). "The primary purpose served by the deliberative process privilege is to encourage candid communications between subordinates and superiors." *Schell v. U.S. Dep't of Health & Human Servs.*, 843 F.2d 933, 939 (6th Cir. 1988). The privilege protects "advisory materials which truly reflect[ ] the deliberative or policymaking processes of an agency, but would not protect 'purely factual, investigative' material." *Id.* at 940 (quoting *EPA v. Mink*, 410 U.S. 73, 89 (1973)); *see also Reuther v. Chapman*, No. 07-12249, 2008 WL 2095381, at *2 (E.D. Mich. May 16, 2008) (citing *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973)) ("Factual material, including reports and summaries, is not protected by the privilege.").

The plaintiffs are entitled to the portions of the Internal Affairs report regarding the events of October 12, 2006 and the professional conduct report generated by the Pontiac Police Department that are "purely factual," and the defendants will be ordered to produce the reports. The defendants may redact the portions of the report that contain advisory opinions, recommendations, or reveal deliberations. Additionally, as discussed above, *Garrity v. New Jersey* is inapplicable to this case.

## L.

Request to Produce Twelve sought "[a]ny and all documents records, notes, correspondence, papers and memoranda concerning disciplinary action taken against each of the Defendant officers from his/her date of hire to present." Pls.' Mot. to Compel Discovery, Ex. A, Answers to Pls.' First Set of Interrogatories and Requests to Produce at 15. The defendants produced the documents in

their possession regarding complaints of excessive force made against the defendant police officers that were known to them prior to October 12, 2006. The defendants argue that they have produced copies of all records pertaining to prior complaints of excessive force against the defendant police officers and the Internal Affairs investigations that followed, and that the request for materials for unrelated disciplinary actions is overly-broad and irrelevant because the request is unrelated to the plaintiffs' *Monell* supervisory liability claim.

The Court agrees that the request is overly-broad to the extent that it seeks information concerning non-excessive force disciplinary actions. Because the defendants have produced the relevant documentation, the Court will deny the plaintiffs' motion with respect to Request to Produce Twelve.

<div align="center">M.</div>

Request to Produce Thirteen sought "[a]ny and all non-compliance response forms or use of force forms (or any form used to record, document or state when a officer uses force or a specialized weapon) completed by each of the Defendant officers since his/her date of hire to date." The defendants' answer directed the plaintiffs to the defendants' Rule 26(a)(1)(B) disclosures for documents in their possession regarding the events of October 12, 2006 and stated that the defendants could not "feasibly comply with the remainder of this request." *Id.* at 16. The defendants argue that Request to Produce Thirteen is overly-broad and neither factually nor legally related to the plaintiffs' claims because the search would reveal instances where force was used in an arrest, but it would not demonstrate that a complaint was made, excessive force was alleged, nor a violation of department policy or procedure. Additionally, the defendants argue that the request

<div align="center">-12-</div>

is unduly burdensome because it would require countless man-hours to review every police report prepared by the defendant officers over their career.

As written, the plaintiffs' request is unduly burdensome and not reasonably calculated to return relevant information.  However, the plaintiffs do have a right to non-compliance forms and use of force forms associated with any complaint of excessive force or breach of police rule or regulation against the defendant police officers.  The defendants will be ordered to produce any of these documents that have not been previously produced or disclosed.

### N.

Request to Produce Fourteen asked for "[a]ny and all Internal Affairs files regarding each of the Defendant officers and the investigation of the instant incident."  *Id.* at 16.  The defendants answer simply referred to their objections to Request to Produce Nine, Eleven, and Twelve.  The defendants now argue that they have produced the Internal Affairs reports regarding the events of October 12, 2006 and the prior internal affairs reports regarding all previous claims of excessive force.  As discussed above, Internal Affairs reports concerning the defendant officers' alleged excessive force are relevant to this litigation, but other reports are not.  The defendants have substantively complied with the plaintiffs' request and will not be ordered to produce further documentation in response to Request to Produce Fourteen.

### O.

Request to Produce Twenty-one requested a "[c]opy of any and all forms used by the Internal Affairs Division for recording and processing citizen's comlaint [sic] and/or filed complaints."  *Id.* at 19.  The defendants contend that they have complied with this request because they have produced the citizen complaint form used by Internal Affairs.  The defendants have produced the requested

documentation; therefore, the plaintiffs' motion to compel will be denied with respect to Request to Produce Twenty-one.

<div align="center">P.</div>

Request to Produce Twenty-three asked for "[a]nnual reports of the Internal Affairs Division." *Ibid.* The defendants argue that they previously produced the Internal Affairs Reports pertaining to claims of excessive force against each of the defendant officers, and the annual report of Internal Affairs contains information that is unrelated to the defendant officers and more expansive than allegations of excessive force. They also argue that the reports are protected by the deliberative process privilege. The defendants have produced the relevant Internal Affairs reports, and the plaintiffs have not presented any reason for requiring the defendants to produce documents that are wholly irrelevant to the present case. The plaintiffs' motion to compel will be denied with respect to Request to Produce Twenty-three.

<div align="center">Q.</div>

Request to Produce Twenty-four sought "[a]s to the Internal Affairs Division, a list of complaints by type and disposition." *Ibid.* The defendants argue that the request is overly-broad and seeks information irrelevant to the facts or circumstances pleaded by the plaintiffs. To the extent that the request seeks information unrelated to complaints of excessive force, the Court agrees with the defendants' objections. Of course, the plaintiffs are entitled to any Internal Affairs documents that might substantiate their *Monell* claims. Therefore, the defendants will be ordered to provide a list that details excessive force complaints against Pontiac police officers and the disposition of each complaint.

<div align="center">-14-</div>

R.

Request to Produce Twenty-five requested "[a]ny audits or reviews of the Internal Affairs Division." *Id.* at 20.  The defendants' answer stated that they were not in possession of the requested documentation.  Now the defendants argue that, other than the Annual Report of Internal Affairs, there is no other document responsive to this request.  The defendants have produced the relevant Internal Affairs documents, and the plaintiffs have not demonstrated sufficient need or reasoning to require the defendants to produce the entirety of the annual reports.  Therefore, the plaintiffs' motion to compel will be denied with respect to Request to Produce Twenty-five.

S.

Request to Produce Twenty-seven sought the "[r]ecords of arrest by each Defendant officer involving charges of assault and battery of a the [sic] officer, resisting and obstructing and fleeing and eluding from date of hire to present." *Ibid.*  The defendants' answer stated that it was "not feasible for Defendants to locate or obtain the records requested." *Id.* at 21.  The defendants now argue that the request is "wildly" over-broad and wholly unrelated to the plaintiffs' claims.  The request, the defendants argue, serves no purpose other than to harass the defendants.  The Court agrees with the defendants.  The request is unduly burdensome and not sufficiently tailored to return relevant, admissible evidence.  The plaintiffs' motion to compel will be denied with respect to Request to Produce Twenty-seven.

Accordingly, it is **ORDERED** that the plaintiffs' motion to compel discovery regarding plaintiffs' first set of interrogatories and requests to produce from defendant City of Pontiac and defendant Val Gross and for default against defendants or for other sanctions pursuant to Federal

Rule of Civil Procedure 37(b)(2)(A)-(D) [dkt. #49] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that defendant Gross shall answer, **on or before September 30, 2011**, Interrogatory Eleven to the best of his personal knowledge.

It is further **ORDERED** that the plaintiffs may resubmit Interrogatory 18 to the defendants after revising it.

It is further **ORDERED** that the defendants shall provide, **on or before September 30, 2011**, the plaintiffs with copies of the defendants' personnel files. The defendants may withhold any document that they believe is privileged provided that they do so in accordance with Federal Rule of Civil Procedure 26(b)(5). Any portion of the personnel file that the defendants wish to withhold based on its relevance must be submitted to the Court for *in camera* review.

It is further **ORDERED** that the defendants shall provide, **on or before September 30, 2011**, the plaintiffs with copies of any complaint, lodged by any police officer, against each of the defendant officers.

It is further **ORDERED** that the defendants shall produce, **on or before September 30, 2011**, all tape recordings of any statements made by any individual during the internal investigation of Darryl Cosby and William Olsen regarding the raid at 66 Henderson, Pontiac, Michigan on October 12, 2006.

It is further **ORDERED** that the defendants shall produce, **on or before September 30, 2011**, the Internal Affairs report regarding the events of October 12, 2006. The defendants may redact the portions of the Internal Affairs report they believe are protected by the deliberative

-16-

process privilege.  Should the defendants choose to redact portions of the report, they are required to create and submit a privilege log to the plaintiffs.

It is further **ORDERED** that the defendants shall produce, **on or before September 30, 2011**, any non-compliance form or use of force form associated with any complaint of excessive force or breach of police rule or regulation against the defendant police officers that has not been previously produced or disclosed.

It is further **ORDERED** that the defendants shall produce, **on or before September 30, 2011**, a list that details excessive force complaints against Pontiac police officers and the disposition of each complaint.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   September 16, 2011

<div style="border:1px solid; background:#ccc; padding:8px;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 16, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL

</div>