UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES PERRY and DOMINQUE YARBRO,

        Plaintiffs,                    Case Number 07-14036
                                                        Honorable David M. Lawson

v.

CITY OF PONTIAC, a municipal corporation,
VAL GROSS, Chief of Police Pontiac Police
Department, POLICE OFFICER WILLIAM
OLSEN and POLICE OFFICER DARRYL COSBY,

        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' EMERGENCY MOTION TO COMPEL *DUCES TECUM* DEPOSITION OF DEFENDANTS VAL GROSS, DARRYL COSBY, AND WITNESS ROBERT MILLER

The matter is before the Court on the plaintiffs' emergency motion to compel *duces tecum* deposition of defendants Val Gross, Darryl Cosby, and witness Robert Miller.

On April 6, 2009, the plaintiffs gave notice of their request for *duces tecum* deposition of non-party Robert Miller on April 20, 2009 at the law offices of Diana McClain, 149 Franklin Boulevard, Pontiac, Michigan. The notice of deposition stated that Miller was required to bring the following documents:

> (1) Complete and legible copies of the Responses to Admissions which were served upon Lt. Robert Miller on March 21, 2009.
> (2) Any and all documents related to the Internal Investigation of Darryl Cosby initiated by John Woods complaint.
> (3) Any documents from Chief Gross or any other superior to Lt. Robert Miller regarding the Internal Investigation of Darryl Cosby.

Pls.' Mot. to Compel *Duces Tecum* Deps. of Defs. Val Gross, Darryl Cosby, and Witness Robert Miller, Ex. A, Notice of Deps. at 2. Also on April 6, 2009, the plaintiffs noticed the *duces tecum* depositions of defendant Val Gross and defendant Darryl Cosby for April 28, 2009 at the law offices

of Cummings, McClorey, Davis, Achc, P.L.C, located at 43409 Schoenherr Road, Sterling Heights, Michigan. The notice required Gross to bring with him:

> (1) Complete, legible and verified/signed copy of the Responses to Admissions which were served upon Defendant City of Pontiac, March 21, 2009[;]
> (2) Complete, legible and verified/signed copy of the Responses to Plaintiff's First Set of Interrogatories and Requests to Produce which were served upon Defendant, March 8, 2008[;]
> (3) Any and all documents related to the Internal Investigation of Darryl Cosby initiated by John Woods complaint[;]
> (4) Any documents from Chief Gross or any other superior to Lt. Robert Miller regarding the Internal Investigation of Darryl Cosby and William Olsen[.]

*Id.* at 4. The notice required Cosby to bring with him:

> (1) Any and all documents in defendant's disciplinary or knowledge of any disciplinary action taken against Defendant[;]
> (2) Knowledge of any civil cases filed against Defendant as a Pontiac Police Officer[;]
> (3) Any and all documents and knowledge regarding Defendant's training record with the Pontiac Police Department[.]

*Ibid.* The depositions were initially noticed without the agreement of counsel; therefore, the depositions were re-noticed on April 22, 2009.

On April 24, 2009, all three deponents objected to the depositions. Miller argued that he did not have an obligation to respond to requests for admissions because he is not a party to the case, and that the plaintiffs' others requests for documents seek documentation that is neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence, and that the documentation is subject to the executive or deliberative process privilege. The defendants, subject to their objections, agreed to produce Miller at the date and time scheduled for deposition.

Gross and Cosby objected to the deposition notices, arguing that the requests for documents were either vague, ambiguous, ill-defined, and overly-broad or sought documents that were already produced, irrelevant, not reasonably calculated to lead to discovery of relevant evidence, or subject

of Cummings, McClorey, Davis, Achc, P.L.C, located at 43409 Schoenherr Road, Sterling Heights, Michigan. The notice required Gross to bring with him:

> (1) Complete, legible and verified/signed copy of the Responses to Admissions which were served upon Defendant City of Pontiac, March 21, 2009[;]
> (2) Complete, legible and verified/signed copy of the Responses to Plaintiff's First Set of Interrogatories and Requests to Produce which were served upon Defendant, March 8, 2008[;]
> (3) Any and all documents related to the Internal Investigation of Darryl Cosby initiated by John Woods complaint[;]
> (4) Any documents from Chief Gross or any other superior to Lt. Robert Miller regarding the Internal Investigation of Darryl Cosby and William Olsen[.]

*Id.* at 4. The notice required Cosby to bring with him:

> (1) Any and all documents in defendant's disciplinary or knowledge of any disciplinary action taken against Defendant[;]
> (2) Knowledge of any civil cases filed against Defendant as a Pontiac Police Officer[;]
> (3) Any and all documents and knowledge regarding Defendant's training record with the Pontiac Police Department[.]

*Ibid.* The depositions were initially noticed without the agreement of counsel; therefore, the depositions were re-noticed on April 22, 2009.

On April 24, 2009, all three deponents objected to the depositions. Miller argued that he did not have an obligation to respond to requests for admissions because he is not a party to the case, and that the plaintiffs' others requests for documents seek documentation that is neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence, and that the documentation is subject to the executive or deliberative process privilege. The defendants, subject to their objections, agreed to produce Miller at the date and time scheduled for deposition.

Gross and Cosby objected to the deposition notices, arguing that the requests for documents were either vague, ambiguous, ill-defined, and overly-broad or sought documents that were already produced, irrelevant, not reasonably calculated to lead to discovery of relevant evidence, or subject

to the deliberative process privilege. Despite their objections, the defendants expressed a willingness to produce: the non-privileged portions of the internal investigation of Darryl Cosby initiated by John Woods's complaint, the non-privileged portions of the internal investigation file regarding the investigation of Cosby and Olson, the portions of Cosby's disciplinary record related to claims and allegations of excessive force, the documents in its possession regarding civil actions filed against Cosby arising out of allegations of excessive force, and copies of Cosby's training records that are relevant to this litigation.

On April 28, 2009, Gross's and Cosby's depositions were taken. During the deposition, plaintiffs' counsel did not ask Gross or Cosby to produce any documentation. Miller's deposition was scheduled for May 5, 2009. On April 28, 2009, the plaintiffs moved to compel *duces tecum* deposition of defendants Val Gross, Darryl Cosby, and witness Robert Miller. Before ruling on the plaintiffs' motion, the Court stayed the case to await further developments in defendant Olsen's criminal prosecution. The Court lifted the stay on September 16, 2011 after learning that defendant Olsen's criminal prosecution had reached a conclusion. The Court will now address the plaintiffs' motion to compel *duces tecum* depositions of defendants Val Gross, Darryl Cosby, and witness Robert Miller

The plaintiffs' motion did nothing more than state that the depositions would not be meaningful without the requested documents and that the requested documents are relevant or reasonably calculated to lead to admissible evidence. The plaintiffs' first argument lost much of its force after the plaintiffs deposed Gross and Cosby on April 28, 2009 and did not ask either of them to produce any of the requested documents despite being told that the defendants would produce the non-privileged, relevant portions of those documents. The Court finds that the plaintiffs' motion

to compel the *duces tecum* depositions of Gross and Cosby is not well-taken because the plaintiffs forsook an earlier opportunity to request those documents from Gross and Cosby during their depositions. Therefore, the Court will deny the plaintiffs' motion to compel *duces tecum* depositions with respect to defendants Gross and Cosby.

A.

The defendants argue that Miller should not be required to produce copies of requests for admissions because he is not obligated to respond to the plaintiffs' request for admissions. Federal Rule of Civil Procedure 36 provides: "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). As the defendants correctly note, non-parties are not obligated to respond to requests for admissions.

B.

The defendants argue that the plaintiffs' request for any and all documents related to the internal investigation of Darryl Cosby initiated by John Woods's complaint is neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence because Woods's complaint was made almost one month after the October 12, 2006 incident involving Olsen and Cosby. Woods's complaint, they argue, cannot form the basis for finding municipal or supervisory liability because the defendants could not have failed to react to, failed to supervise, discipline, or train based on events that occurred after the incident giving rise to this litigation.

The Court believes that documents related to the internal investigation of Darryl Cosby initiated by John Woods's complaint are relevant to the plaintiffs' claim of municipal liability.

Additional incidents of excessive force could be highly indicative of a failure to train, and the plaintiffs are entitled to these documents. Moreover, the defendants' objections to the notice of deposition *duces tecum* indicated a willingness to produce the non-privileged portions of the internal investigation of Darryl Cosby initiated by John Woods's complaint. Therefore, the Court will order the defendants to produce any and all documents related to the internal investigation of Darryl Cosby initiated by John Woods's complaint during Miller's deposition. The defendants may withhold documents in accordance with Federal Rule of Civil Procedure 26(b)(5). Any document the defendants wish to withhold based on irrelevance must be submitted to the Court for *in camera* review.

C.

The plaintiffs' also requested that Miller bring "[a]ny documents from Chief Gross or any other superior to [Capt.] Robert Miller regarding the Internal Investigation of Darryl Cosby." Pls.' Mot. to Compel *Duces Tecum* Deps. of Defs. Val Gross, Darryl Cosby, and Witness Robert Miller, Ex. A, Notice of Deps. at 2. The defendants argue that these documents are subject to the deliberative process privilege because they contain advisory statements that are not a part of the underlying investigation.

The deliberative process privilege protects "intragovernment documents which reflect advisory opinions, recommendations, and deliberations comprising part of the process by which governmental decisions and policies are formulated" from disclosure in discovery. *Cessante v. City of Pontiac*, No. 07-15250, 2009 WL 973339, at *5 (E.D. Mich. Apr. 9, 2009) (quoting *Dowd v. Calabrese*, 101 F.R.D. 427, 430 (D.D.C. 1984)). "The primary purpose served by the deliberative process privilege is to encourage candid communications between subordinates and superiors."

*Schell v. U.S. Dep't of Health & Human Servs.*, 843 F.2d 933, 939 (6th Cir. 1988).  The privilege protects "advisory materials which truly reflect[ ] the deliberative or policymaking processes of an agency, but would not protect 'purely factual, investigative' material." *Id.* at 940 (quoting *EPA v. Mink*, 410 U.S. 73, 89 (1973)); *see also Reuther v. Chapman*, No. 07-12249, 2008 WL 2095381, at *2 (E.D. Mich. May 16, 2008) (citing *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973)) ("Factual material, including reports and summaries, is not protected by the privilege.").

      The deliberative process privilege would protect any document from defendant Gross or Miller's superiors that constitutes advisory material; however, the defendants' claim of privilege is too vague to analyze because they have failed to describe the specific documents they believe are protected.  Federal Rule of Civil Procedure 26(b)(5) requires a party claiming privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  This information typically is presented in a privilege log that describes the documents with enough detail to permit the Court to assess the application of the privilege.

      The plaintiffs are entitled to any document, from defendant Gross or any of Miller's superiors, regarding the internal investigation of Darryl Cosby that is relevant to their claims.  The defendants will be ordered to produce them during Captain Miller's deposition.  The defendants may withhold privileged documents in accordance with Federal Rule of Civil Procedure 26(b)(5).

      Accordingly, it is **ORDERED** that the plaintiffs' emergency motion to compel *duces tecum* deposition of defendants Val Gross, Darryl Cosby, and witness Robert Miller [dkt. #50] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the defendants shall produce any and all documents related to the internal investigation of Darryl Cosby initiated by John Woods's complaint during Miller's deposition. The defendants may withhold documents in accordance with Federal Rule of Civil Procedure 26(b)(5). Any document the defendants wish to withhold based on irrelevance must be submitted to the Court for *in camera* review.

It is further **ORDERED** that the defendants shall produce any document regarding the internal investigation of Darryl Cosby from defendant Gross or any other superior to Captain Miller during Miller's deposition. The defendants may withhold documents in accordance with Federal Rule of Civil Procedure 26(b)(5).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 16, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 16, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL