UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES PERRY and DOMINQUE YARBRO,

        Plaintiffs,

v.

CITY OF PONTIAC, a municipal corporation,
VAL GROSS, Chief of Police Pontiac Police
Department, POLICE OFFICER WILLIAM
OLSEN and POLICE OFFICER DARRYL COSBY,

        Defendants.

        Case Number 07-14036
        Honorable David M. Lawson

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY, FOR SANCTIONS, AND FOR ADDITIONAL DISCOVERY

The matter is before the Court on the plaintiffs' second motion to compel discovery regarding plaintiffs' first set of interrogatories and requests to produce directed to City of Pontiac and Val Gross, for entry of default judgment, and for sanctions. The plaintiffs also move for leave to take additional discovery.

On March 8, 2008, the plaintiffs served on defendants City of Pontiac and Val Gross twenty-two interrogatories and thirty requests for production of documents. The defendants responded on April 7, 2008. On April 28, 2009, the plaintiffs moved to compel discovery on the grounds that the defendants' answers were inadequate. The defendants responded, arguing that the plaintiffs' discovery requests went well beyond the legal theories identified in their complaint and answers to interrogatories. The matter was stayed until the conclusion of defendant Olsen's criminal trial and subsequently reopened on September 16, 2011. On the same day, the Court granted in part and denied in part the plaintiffs' motion to compel discovery answers and ordered, among other things,

that defendant Gross answer interrogatory eleven to the best of his personal knowledge; the defendants must produce all tape recordings of any statements made by any individual during the internal investigation of Darryl Cosby and William Olsen regarding the raid at 66 Henderson, Pontiac, Michigan on October 12, 2006; the defendants must produce any non-compliance form or use-of-force form associated with any complaint of excessive force or breach of police rule or regulation against the defendant police officers that has not been previously produced or disclosed; and the defendants must produce a list that details excessive force complaints against Pontiac police officers and the disposition of each complaint.

The plaintiffs now move to compel discovery and for sanctions, arguing that the defendants have failed to comply with certain aspects of the Court's September 16, 2011 order. As one form of relief, the plaintiffs ask the Court to declare that the following facts as established:

> (a) That defendants failed to train its officers to complete "Use of Force Forms" when force is used on a detainee[;]
> (b) That Defendant fail to train officers after receipt of complaints which were disciplinary action was taken against an officer[;]
> (c) That Defendants failed to conduct Internal Investigation of Officer supervisory officers[;]
> (d) That Defendants failed to train and require officers to become certified on the use of tasers[;]
> (e) That defendants failed to train officers on how to conduct and maintain records for Internal Investigations[.]

Pls.' Mot. to Compel at 5 (grammatical errors in original). The plaintiffs also seek the following additional relief:

> (1) prohibit the Defendants from opposing defenses, or from introducing designated matters in evidence;
> (2) strike Defendants' answer to complaint and affirmative defenses;
> (3) stay further proceedings until the order is obeyed;
> (4) render a default judgment against the disobedient party;
> (5) treat as contempt of court Defendant's failure to obey any order[;]
> (6) [a]llow Plaintiff additional discovery[;]

(7) [a]ward Plaintiffs costs and attorneys fees in the amount of $2,500.00[.]

*Ibid.*

### A.

The plaintiffs argue that the defendants have failed to produce the taped witness statements of Officers Wood, McDonald, McDougal, Birch, Chandler, Locricchio, and Hohendorf. The defendants assert that they have not produced the taped witness statements of Officers McDonald, McDougal, Birch, Chandler, Locricchio, and Hohendorf because their statements were not taped and, thus, the requested discovery does not exist. The defendants admit that Officer Wood's statement was taped but contend that they have not been able to locate it as of the date of responding to the plaintiffs' motion. The defendants state that they have encountered difficulty in locating the requested material because the Pontiac Police Department has been disbanded and its records divided between the Oakland County Sheriff and the remaining parts of the Pontiac city government. The defendants aver that they will produce the transcript of Officer Wood's statement if the taped statement cannot be located and that they have produced all of the taped statements made during internal investigation #06-096, with the exception of Wood's.

Although the defendants have not provided Officer Wood's taped statement, the Court finds that the defendants have substantially complied with the Court's September 16, 2011 order, especially considering the difficulties they have encountered locating the requested records. However, the plaintiffs should not be kept waiting until the defendants locate Officer Wood's taped statement; therefore, the defendants will be required to provide the written transcript of Officer's Wood's statement forthwith. If the tape recording is located, it must be produced immediately.

B.

The plaintiffs argue that defendant Gross failed to provide a verification for his response to interrogatory eleven. The defendants argue that defendant Gross served the plaintiffs with a verified copy of his supplemental response to interrogatory eleven on October 28, 2011. As proof, the defendants attach a copy of the defendants' second supplemental answer to plaintiffs' interrogatories bearing defendant Gross's signature and a proof of service indicating that the second supplemental answer was served by regular first class mail on October 28, 2011.

The defendants have complied with the Court's September 16, 2011 order. Therefore, the plaintiffs' motion will be denied with respect to interrogatory eleven.

C.

The plaintiffs argue that in response to request to produce twenty-four, the defendants improperly limited their list of excessive force complaints to those filed between 1997 and 2008. The defendants acknowledge that they have limited their production to the period between 1997 and 2008. The defendants also assert that records are not maintained before 1997.

The Court finds that the defendants have substantially complied with the Court's September 16, 2011 order and that any excessive force complaints filed after 2008 are irrelevant to the present case. Therefore, the plaintiffs' motion will be denied with respect to request to produce twenty-four.

D.

The plaintiffs argue that the defendants failed to supplement their response to request to produce thirteen with every non-compliance and use-of-force form associated with any complaint of excessive force or breach of police rule against the defendant police officers. The defendants contend that they have produced three subject management reports relating to the raid at 66

Henderson, Pontiac, Michigan as well as a Taser use form relating to the raid. The defendants assert that they have located the files regarding the internal investigations of the other complaints of excessive force and have discovered that there are no responsive documents in the files.

The Court finds that the defendants have complied with the Court's September 16, 2011 order. Therefore, the plaintiffs' motion will be denied with respect to request to produce thirteen.

The Court also finds that the plaintiffs are not entitled to further discovery.

Accordingly, it is **ORDERED** that the plaintiffs' motion to compel discovery regarding plaintiffs' first set of interrogatories and requests to produce directed to City of Pontiac and Val Gross, for entry of default judgment, and for sanctions, and for request for additional discovery [dkt. #71] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the defendants must produce the transcript of Officer Wood's taped statement made during internal investigation #06-096 **on or before February 20, 2012**, and must produce the tape recording as soon as it is located.

It is further **ORDERED** that the remainder of the plaintiffs' motion to compel discovery regarding plaintiffs' first set of interrogatories and requests to produce directed to City of Pontiac and Val Gross, for entry of default judgment, and for sanctions, and for request for additional discovery is **DENIED**.

                                              s/David M. Lawson
                                              DAVID M. LAWSON
                                              United States District Judge

Dated: February 10, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 10, 2012.

                                              s/Deborah R. Tofil
                                              DEBORAH R. TOFIL